Eric B. Fjelstad, Bar No. 9505020
EFjelstad@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
Telephone: 907.279.8561
Stacey Bosshardt, D.C. Bar No. 458645
(*pro hac vice pending*)
Sbosshardt@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.661.5862

**Attorneys for Proposed Intervenor-Defendant**
  **Peak Gold, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VILLAGE OF DOT LAKE, a federally recognized Indian tribe,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS and LIEUTENANT GENERAL SCOTT A. SPELLMON, in his official capacity as Chief of Engineers and Commanding General, United States Army Corps of Engineers,<br><br>    Defendant. | Case No. 3:24-cv-00137-SLG<br><br><br><br>**PEAK GOLD, LLC'S MOTION TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND 24(b)** |

PEAK GOLD, LLC'S MOT. TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND (b)
*Village of Dot Lake v. U.S. Army Corps of Eng'rs, et al.*, No. 3:24-cv-00137-SLG
Page 1 of 6

Case 3:24-cv-00137-SLG    Document 8    Filed 08/20/24    Page 1 of 6
163531886.1

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
+1.907.279.8561 / Facsimile +1.907.276.3108
Eric B. Fjelstad / EFjelstad@perkinscoie.com

Under Federal Rules of Civil Procedure 24(a) and (b), and for the reasons set forth in the accompanying/concurrently filed memorandum in support, Peak Gold, LLC ("Peak Gold") moves to intervene in this case to defend the actions of Federal Defendants in connection with the permit issued September 2, 2022 (nearly two years ago) by the U.S. Army Corps of Engineers to Peak Gold under Section 404 of the Clean Water Act. 33 U.S.C. § 1344. The permit allowed Peak Gold to fill 5.26 acres of wetlands on lands near Tok it has leased from the Native Village of Tetlin to develop and operate a gold mine (the "Project"). Mine production began nearly a year ago, in August 2023, and the trucks have been transporting ore at full capacity 24-hours a day, seven days a week, for seven months now. The 5.26 acres of wetlands were filled long before Plaintiff filed this lawsuit.

Peak Gold will suffer injury-in-fact if the Plaintiff obtains the relief it seeks in this case. Because Federal Defendants do not share Peak Gold's economic interests in its Project and lack access to information about the ore transportation and other activities outside the Corps' jurisdiction, they cannot adequately represent Peak Gold's interest and Peak Gold seeks intervention of right. Alternatively, Peak Gold seeks intervention under Federal Rule of Civil Procedure 24(b), which allows intervention by a party that has a "defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b).

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
+1.907.279.8561 / Facsimile +1.907.276.3108
Eric B. Fjelstad / EFjelstad@perkinscoie.com

PEAK GOLD, LLC'S MOT. TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND (b)
*Village of Dot Lake v. U.S. Army Corps of Eng'rs, et al.,* No. 3:24-cv-00137-SLG
Page 2 of 4
163531886.1

Case 3:24-cv-00137-SLG   Document 8   Filed 08/20/24   Page 2 of 6

As demonstrated in the accompanying motion, Peak Gold's motion to intervene is timely; Federal Defendants have not yet appeared and still have 17 days to answer the Complaint. Peak Gold's intervention therefore will not delay or prejudice resolution of the merits in this case. If intervention is granted, Peak Gold will comply with reasonable requests to streamline case management and to avoid duplicative arguments.

This Motion is supported by the accompanying memorandum in support of the motion; declaration of Manh Choh Operations Manager Shane Parrow and exhibits thereto; affidavit of Black Gold Transport's Operator Jeremy Huffman; and a proposed order.

Peak Gold also moves the Court to waive the Rule 24(c) requirement to file a "pleading that sets out the claim or defense for which intervention is sought," and allow Peak Gold to file its responsive pleading within seven days of Federal Defendants filing their responsive pleading. Deferring the requirement for Peak Gold to file a draft answer is justified because (1) the facts in this APA case will necessarily be based on the administrative record, which Federal Defendants have not yet lodged with the Court and to which they alone have full access; and (2) Peak Gold may file a motion to dismiss some or all of Plaintiff's claims, and Rule 12(b)(6) motions normally should be filed before an answer is filed. Granting this request would not prejudice the Plaintiffs, and courts in this and other circuits have applied Rule 24(c)'s requirement flexibly. *See Cal.*

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
+1.907.279.8561 / Facsimile +1.907.276.3108
Eric B. Fjelstad / EFjelstad@perkinscoie.com

PEAK GOLD, LLC'S MOT. TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND (b)
*Village of Dot Lake v. U.S. Army Corps of Eng'rs, et al.,* No. 3:24-cv-00137-SLG
Page 3 of 6
163531886.1
Case 3:24-cv-00137-SLG    Document 8    Filed 08/20/24    Page 3 of 6

*Dep't of Soc. Servs. v. Thompson*, 321 F.3d 835, 847 (9th Cir. 2003) ("no separate pleading was required" where intervenor and existing party "sought the same result"); *Spring Const. Co. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980) (allowing intervention absent pleading where sufficient notice of intervenor's position was given); *Wash. Alliance of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 n.4 (D.D.C. 2019) (excusing pleading when movant's position was "apparent" and no party would be prejudiced by intervention); *Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) ("Where … the position of the movant is apparent … and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements."); § 1914 Motion and Pleading, 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1914 (3d ed. 2002) ("If the intervenor is content to stand on the pleading an existing party has filed, it is difficult to see what is accomplished by adding to the papers in the case a new pleading that is identical in its allegations with one that is already in the file."). Accordingly, it is reasonable to allow Peak Gold to file its answer after Federal Defendants have answered or otherwise responded.

Undersigned counsel contacted Plaintiff's counsel, who indicated that Plaintiff opposes this motion. Federal Defendants take no position on the motion.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
+1.907.279.8561 / Facsimile +1.907.276.3108
Eric B. Fjelstad / EFjelstad@perkinscoie.com

PEAK GOLD, LLC'S MOT. TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND (b)
*Village of Dot Lake v. U.S. Army Corps of Eng'rs, et al.,* No. 3:24-cv-00137-SLG
Page 4 of 6
Case 3:24-cv-00137-SLG    Document 8    Filed 08/20/24    Page 4 of 6
163531886.1

DATED: August 20, 2024.

PERKINS COIE LLP

s/*Eric B. Fjelstad*
Eric B. Fjelstad, Bar No. 9505020
EFjelstad@perkinscoie.com
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
Telephone: 907.279.8561
Stacey Bosshardt, D.C. Bar No. 458645
(*pro hac vice pending*)
SBosshardt@perkinscoie.com
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.661.5862

**Attorneys for Proposed Intervenor-Defendant Peak Gold, LLC**

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
+1.907.279.8561 / Facsimile +1.907.276.3108
Eric B. Fjelstad / EFjelstad@perkinscoie.com

PEAK GOLD, LLC'S MOT. TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND (b)
*Village of Dot Lake v. U.S. Army Corps of Eng'rs, et al.,* No. 3:24-cv-00137-SLG
Page 5 of 6
Case 3:24-cv-00137-SLG    Document 8    Filed 08/20/24    Page 5 of 6
163531886.1

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2024 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:24-cv-00137 who are registered CM/ECF users will be served by the CM/ECF system.

/s *Eric B. Fjelstad*

**PERKINS COIE LLP**
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
+1.907.279.8561 / Facsimile +1.907.276.3108
Eric B. Fjelstad / EFjelstad@perkinscoie.com

PEAK GOLD, LLC'S MOT. TO INTERVENE UNDER FED. R. CIV. P. 24(a) AND (b)
*Village of Dot Lake v. U.S. Army Corps of Eng'rs, et al.,* No. 3:24-cv-00137-SLG
Page 6 of 6
Case 3:24-cv-00137-SLG   Document 8   Filed 08/20/24   Page 6 of 6
163531886.1