IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

VILLAGE OF DOT LAKE, a
federally recognized Indian tribe,

      Plaintiff,

  v.

UNITED STATES ARMY CORPS OF
ENGINEERS and LIEUTENANT
GENERAL SCOTT A. SPELLMON,
in his official capacity as Chief of
Engineers and Commanding
General, United States Army Corps
of Engineers,

      Defendants,

  and

PEAK GOLD, LLC,

      Intervenor-Defendant.

Case No. 3:24-cv-00137-SLG

## ORDER GRANTING MOTION TO INTERVENE

Before the Court at Docket 8 is a Motion to Intervene filed by Peak Gold, LLC ("Peak Gold"). Plaintiff Village of Dot Lake ("the Tribe") opposed this motion at Docket 14. Peak Gold replied at Docket 15. Defendants United States Army Corps of Engineers and Lieutenant General Scott A. Spellmon ("Federal Defendants") take no position on the motion.[1] For the reasons set forth below,

---

[1] Docket 8 at 4.

Peak Gold's Motion to Intervene is **GRANTED**.

## BACKGROUND

On July 1, 2024, the Tribe filed a complaint alleging that Federal Defendants violated the National Environmental Policy Act ("NEPA"), the Administrative Procedure Act ("APA"), the Alaska National Interest Lands Conservation Act ("ANILCA"), and their fiduciary obligations owed to the Tribe by failing to undertake adequate environmental review of the Manh Choh open pit gold mine ("the Project") and failing to consult with the Tribe before issuing a Clean Water Act Section 404 permit for the Project.[2] On August 20, 2024, Peak Gold moved to intervene in this action to defend the actions of Federal Defendants.[3]

Peak Gold received the aforementioned Section 404 permit on September 2, 2022.[4] The permit allowed Peak Gold to fill 5.26 acres of wetlands to facilitate the Project.[5] Peak Gold then began mining at the site in August 2023.[6]

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a)(2) directs district courts to permit a party to intervene as a matter of right if the party "claims an interest relating to the

---

[2] Docket 1 at ¶¶ 1–4, 124–140.

[3] Docket 8 at 2.

[4] Docket 1 at ¶ 13; Docket 8 at 2.

[5] Docket 1 at ¶ 13; see also Docket 8 at 2.

[6] Docket 8-1 at 2.

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 2 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 2 of 10

property or transaction that is the subject of an action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

Additionally, Rule 24(b)(1)(B) allows a district court to permit a movant to intervene permissively if the movant "has a claim or defense that shares with the main action a common question of law or fact." The Ninth Circuit has held that permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[7] However, the first requirement of an independent jurisdictional ground "does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."[8] "If the trial court determines that the initial conditions for permissive intervention under rule 24(b)(1) . . . are met, it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention."[9] Relevant additional factors include:

> the nature and extent of the intervenors' interest, their standing to raise relevant legal issues, the legal position they seek to advance, and its probable relation to the merits of the case, . . . whether the intervenors' interests are adequately represented by other parties,

---

[7] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted).

[8] *Id.* at 844.

[9] *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 3 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 3 of 10

..., and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.[10]

Ultimately, the decision to allow permissive joinder is discretionary and courts "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[11]

## DISCUSSION

At Docket 8, Peak Gold moves to intervene as a matter of right, or, in the alternative, to intervene permissively. The Tribe opposes this motion.[12] Because the Court finds that permissive intervention is warranted, the Court does not reach intervention as a matter of right.

As noted above, permissive intervention "requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action."[13] First, because the Court has federal question jurisdiction over the action[14] and the proposed intervenor is not raising a new claim, no independent basis for jurisdiction is

---

[10] *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citing *Spangler*, 552 F.2d at 1329).

[11] Fed. R. Civ. P. 24(b)(3).

[12] Docket 14.

[13] *Freedom from Religion Found., Inc.*, 644 F.3d at 843 (citations omitted).

[14] Docket 1 at 3.

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 4 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 4 of 10

necessary.[15] The fact that Peak Gold has not yet filed a pleading setting out its precise defense is unlikely to pose a challenge.[16] "In federal-question cases there should be no problem of jurisdiction with regard to an intervening defendant" because the situation to be avoided is one where an intervenor plaintiff brings in new state law claims.[17] Second, the Tribe does not dispute the timeliness of the Peak Gold's motion, which was filed promptly after the Complaint in this case and prior to Federal Defendants' initial appearance.[18]

All that remains is the third threshold requirement: that there is a "common question of law and fact between the movant's defense and the main action."[19] "A common question of law and fact . . . arises when the intervenor's claim or defense 'relate[s] to the subject matter of the action . . .,' or, stated another way, when such claims or defenses 'are clearly a critical part of the instant case.'"[20] In this matter,

---

[15] See Freedom from Religion Found., Inc., 644 F.3d at 844.

[16] Docket 8 at 3; but see Fed. R. Civ. P. 24(c) ("A motion to intervene . . . must . . . be accompanied by a pleading that sets out the claim or defense for which intervention is sought.").

[17] Freedom from Religion Found., Inc., 644 F.3d at 844 (quoting 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1917 (3d ed. 2010)).

[18] See Docket 14 at 11–14 (not disputing the timeliness of the motion to intervene); see also Docket 1 (Complaint filed July 1, 2024); Docket 8 (Motion to Intervene filed August 20, 2024); Docket 11 (Federal Defendants' Motion to Partially Dismiss filed August 23, 2024).

[19] Freedom from Religion Found., Inc., 644 F.3d at 843 (internal quotation marks and citation omitted).

[20] Brumback v. Ferguson, 343 F.R.D. 335, 346 (E.D. Wash. 2022) (alterations in original) (first quoting Greene v. United States, 996 F.2d 973, 978 (9th Cir. 1993); and then quoting Citizens Allied for Integrity & Accountability, Inc. v. Miller, Case No. 21-00367, 2022 WL 1442966, at *7 (D. Idaho May 5, 2022)).

Case No. 3:24-cv-00137-SLG, Village of Dot Lake v. U.S. Army Corps of Engineers, et al.
Order Granting Motion to Intervene
Page 5 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 5 of 10

Peak Gold intends to "defend the actions of Federal Defendants in connection with the permit issued . . . by the U.S. Army Corps of Engineers to Peak Gold under Section 404 of the Clean Water Act."[21] Accordingly, they intend to assert legal and factual defenses that relate to the permit, which is the subject matter of this litigation.[22] Hence, all three threshold requirements for Peak Gold's proposed intervention are met.

As noted earlier, if a court determines that the three threshold requirements for permissive intervention are met, "it is then entitled to consider other factors in making its discretionary decision on the issue of permissive intervention," including "the nature and extent of the intervenors' interest," "whether the intervenors' interests are adequately represented by other parties," as well as "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented."[23]

Peak Gold has a substantial interest in the outcome of this litigation. Because the Tribe is asking the Court to rescind the wetlands fill permit that

---

[21] Docket 8 at 2.

[22] *See Eyak Pres. Council v. U.S. Forest Serv.*, Case No. A03-180CV, 2003 WL 24085349, at *1–2 (D. Alaska Dec. 9, 2003) (finding that proposed intervenor shared common questions of law and fact where intervenor planned to assert that the federal agency complied with NEPA in a challenge against that agency's issuance of a permit to an energy corporation that operated under an agreement with intervenor).

[23] *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (citing *Spangler*, 552 F.2d at1329).

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 6 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 6 of 10

Federal Defendants issued to Peak Gold for the Project,[24] Peak Gold's stake in this matter is undeniable. The Project commenced in late 2023, and Peak Gold estimates that it has spent more than $333 million thus far, giving the proposed intervenor a significant economic interest in addition to its more general interest in the continuance of its Project.[25]

The Tribe asserts that Peak Gold's interests are adequately represented by Federal Defendants. To support this proposition, the Tribe cites cases that find adequacy of representation where the interests of a party and proposed intervenor are "indistinguishable" or "identical."[26] Here, Peak Gold may not be adequately represented by Federal Defendants, as the Federal Defendants are tasked with representing the broad public interest and do not share the same focused economic interest that Peak Gold has in the Project.[27]

---

[24] Docket 1 at ¶¶ 13, 129–40; *see also* Docket 8-1 at 14.

[25] Docket 8-1 at 13–14; Docket 1 at ¶ 19.

[26] *See* Docket 14 at 14; *see also Hooks v. Starbucks Corp.*, Case No. 2:23-cv-01000, 2023 WL 7092047, at *3 (W.D. Wash. Oct. 26, 2023); *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 955 (9th Cir. 2009).

[27] In the context of the related intervention by right standard, courts have recognized that federal agencies represent a broader array of goals and thus often do not adequately represent the interests of private parties. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 899 (9th Cir. 2011) (internal quotation marks and citations omitted) ("[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation."); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1499 (9th Cir. 1995), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) ("The government must present the broad public interest, not just the economic concerns of the timber industry.") (internal quotation marks and citation omitted); *Alaska v. Jewell*, Case No. 3:14-cv-00048, 2014 WL 12521321, at *4 (D. Alaska June 10, 2014) (internal quotation marks and citations omitted) ("Defendant Department of the Interior is a dual-mission agency, charged with both protecting the nations' natural resources and developing those same resources, including

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 7 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 7 of 10

The Tribe also contends that "Peak Gold's presence in the litigation will not 'significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.'"[28] According to the Tribe, Peak Gold's evidence of Project operations is irrelevant to "a procedural NEPA violation[, which] is complete even before an implementing project is approved."[29] However, as the Tribe acknowledges, Peak Gold's on-the-ground information on the Project's data and status could prove useful to the Court in determining the appropriate remedy, if in fact a NEPA violation occurred.[30] This is particularly true where, as here, the Tribe requests injunctive relief in the form of a prohibition on "any activity in furtherance of the construction and operation of the Project and related facilities,"[31] which would ultimately require consideration of the equities.[32]

---

energy resources like oil and gas. By contrast, the Applicant Intervenors have a more focused interest . . . .").

[28] Docket 14 at 14 (quoting *Spangler*, 552 F.2d at 1329).

[29] Docket 14 at 13.

[30] *See* Docket 14 at 15.

[31] Docket 1 at 42.

[32] *See, e.g.*, *Cottonwood Env't L. Ctr. v. U.S. Forest Serv.*, 789 F.3d 1075, 1088 (9th Cir. 2015) ("[A] plaintiff seeking permanent injunctive relief must satisfy a four-factor test by showing . . . (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted . . . .").

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 8 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 8 of 10

Finally, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."[33] Given that Peak Gold promptly moved to intervene,[34] undue delay and prejudice are not present.

Peak Gold also moves the Court "to waive the Rule 24(c) requirement to file a 'pleading that sets out the claim or defense for which intervention is sought [along with this motion],' and allow Peak Gold to file its responsive pleading within seven days of Federal Defendants filing their responsive pleading."[35] At the time Peak Gold filed its motion to intervene, Federal Defendants had not yet responded to the Complaint. Federal Defendants have since filed a motion seeking the dismissal of certain claims in the Complaint.[36] The Court grants this request, as it was a reasonable request at the time the motion to intervene was filed.

## CONCLUSION

For the foregoing reasons, the Motion to Intervene at Docket 8 is **GRANTED**. Peak Gold as Intervenor-Defendant shall file its Answer or otherwise respond to the Complaint for Declaratory and Injunctive Relief (Docket 1) within **14 days** of the date of this order. The case caption is amended as shown above.

---

[33] Fed. R. Civ. P. 24(b)(3).

[34] *See* Docket 1 (Complaint filed July 1, 2024); Docket 8 (Motion to Intervene filed August 20, 2024); Docket 11 (Federal Defendants' Motion to Partially Dismiss filed August 23, 2024).

[35] Docket 8 at 3 (quoting Fed. R. Civ. P. 24(c)).

[36] Docket 11.

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 9 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 9 of 10

DATED this 10th day of October 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00137-SLG, *Village of Dot Lake v. U.S. Army Corps of Engineers, et al.*
Order Granting Motion to Intervene
Page 10 of 10
Case 3:24-cv-00137-SLG   Document 18   Filed 10/10/24   Page 10 of 10